**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4547**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAURICE DEON BELSER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:24-cr-00095-TDS-1)

Submitted:  September 25, 2025                          Decided:  September 29, 2025

Before GREGORY and WYNN, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  Todd A. Smith, SMITH GILES, PLLC, Graham, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Deon Belser pled guilty, pursuant to a written plea agreement, to distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Belser to 151 months' imprisonment, which was at the bottom of his advisory Sentencing Guidelines range. Belser's counsel has filed an appeal brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Belser's guilty plea is valid and whether Belser's sentence is reasonable. Although advised of his right to file a pro se supplemental brief, Belser has not done so. The Government has moved to dismiss the appeal pursuant to the broad appellate waiver in Belser's plea agreement. We dismiss in part and affirm in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). Upon review of the record, including the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Belser knowingly and voluntarily waived his right to appeal his conviction and sentence. Accordingly, we grant in part the Government's motion and dismiss the appeal as to all issues within the scope of the appellate waiver, including the sentencing issue raised in the *Anders* brief.

Although Belser's appellate waiver forecloses his right to appeal his conviction, it does not preclude our review of counsel's challenge to the validity of Belser's guilty plea.

2

*See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018); *United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). We therefore deny in part the Government's motion to dismiss. Because Belser did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error only. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). And, upon review, we conclude that the district court did not err, let alone plainly so, in accepting Belser's guilty plea. Indeed, the district court complied with Rule 11 and properly found that Belser's plea was knowing, voluntary, and supported by an independent factual basis. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). We are thus satisfied that Belser's guilty plea is valid.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues that are either unwaivable, by law, or fall outside the scope of the appellate waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues covered by the appellate waiver. We also deny in part the motion to dismiss and affirm as to any issue not precluded by the appellate waiver.

This court requires that counsel inform Belser, in writing, of the right to petition the Supreme Court of the United States for further review. If Belser requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Belser.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*